UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                  **DECISION AND ORDER**
                                                            14-CR-105S

BYRON BARNES,

                  Defendant.

Presently before this Court is Defendant Byron Barnes's challenge to the United States Bureau of Prisons' ("BOP") calculation of his federal sentence. (Docket No. 78.) Barnes maintains that the BOP initially credited pretrial time he spent in state custody against his federal sentence, but then reversed that determination shortly before he was scheduled to finish serving his federal sentence. He now seeks credit for the pretrial time he served in state custody. The government opposes the motion, which this Court finds must be denied for several reasons.

First, because Barnes is challenging the BOP's execution of his sentence, his motion is properly construed as one for habeas relief under 28 U.S.C. § 2241. See Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) ("Section 2241[ ] is the proper means to challenge the *execution* of a sentence"); Bell v. Finley, 9:21-CV-0413 (GTS/ML), 2021 WL 1895029, at *2 (N.D.N.Y. May 11, 2021) ("[A] petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.") A § 2241 petition, however, must be filed in the judicial district with jurisdiction over the inmate's current custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); see also 28 U.S.C. §§

1

2242, 2243. Because Barnes is incarcerated at the Allenwood Medium FCI in Pennsylvania, this Court lacks jurisdiction over any § 2241 petition.

Second, "[a] defendant who disputes the BOP's calculation may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under § 2241 *after exhausting administrative remedies*." Tisdale v. Menifee, 166 F. Supp. 2d 789, 791 (S.D.N.Y. 2001) (citations omitted) (emphasis added); see Martinez v. United States, 19 F.3d 97, 99 (2d Cir. 1994) (per curiam) (requiring administrative exhaustion for challenge to sentencing calculation). Here, Barnes has not submitted any evidence that he exhausted his administrative remedies, and he appears to concede in his reply brief that he has not. See Reply, Docket No. 83 (arguing that exhausting administrative remedies would take too long).

Third, even if this Court had proper jurisdiction, it would deny Barnes's motion. Barnes appears to be operating under the mistaken belief that this Court's imposition of a sentence to run concurrent to his yet-to-be-imposed state sentence was intended to include pretrial time he spent in state custody. But as set forth in the Text Order filed shortly after sentencing, this Court found that "in the interest of comity and United States Sentencing Guideline § 5G1.3 (c), Defendant's federal sentence [will] be served concurrently with his New York sentence, *upon its imposition*." See Docket No. 74 (emphasis added). Consequently, this Court's sentence was not intended to include credit for pretrial time spent in state custody before the imposition of the state sentence.

2

Consequently, for these reasons, Barnes's motion must be denied.

IT HEREBY IS ORDERED, that Defendant's "Motion for a Nunc Pro Tunc Designation of the Time Credit for Time Served" (Docket No. 78) is DENIED.

SO ORDERED.

Dated:     November 29, 2023
           Buffalo, New York

                                            s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                        United States District Judge